## In re CASTONGUAY.
### Patent Appeal No. 3125.

Court of Customs and Patent Appeals.
April 17, 1933.

144

Strauch & Hoffman, of Washington, D. C. (James A. Hoffman, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

Claims 11 to 17, inclusive, of appellant's application for a patent, were allowed by the Examiner. Claims 28 to 33, inclusive, were refused. The Board of Appeals of the United States Patent Office affirmed the action of the Examiner in refusing to allow claims 28, 29, 30, 31, and 33, but reversed the Examiner as to claim 32, and, from the adverse decision of the Board, appellant has appealed here.

Claim 28 is illustrative of the claims on appeal, and follows: "28. A safety fuel control and ignition device for gas ranges adapted to maintain one or more of the main gas burners of the range in normal operation as long as gas is supplied thereto and to cut off the supply of gas to said burners upon the failure of the ignition means, comprising the combination of a plurality of spaced main gas burners, a source of gas supply therefor, means for controlling and operating said burners independently of each other, a continuously operating pilot burner positioned at a point outside the range of normal lighting proximity to said main gas burners, means cooperating with said pilot burner to effect the ignition of gas issuing from said main gas burners, and thermostatic means operatively associated with said pilot burner so as to be substantially unaffected by the operation of the main burners for cutting off the gas supply of said independently controlled and operated main burners upon the extinguishment of said pilot burner."

The claims were rejected on Schaetzel, No. 1,134,350 of April 6, 1915, and Graf, Sr., 1,550,313 of August 18, 1925.

The invention relates to gas burner control in an ignition system of a gas stove or range. The purpose of the invention is to provide safety in operation. Appellant's device consists of the usual arrangement of burners. A pilot light is centrally located between the burners, and ignition pipes lead from the pilot light to the burners. Between the gas supply line and the opening of the pilot burner there is located a thermostatic valve control, and it is so arranged that, when the pilot light goes out, the thermostatic shut off valve operates to cut off the main gas supply, and no further gas is distributed to the burners.

Schaetzel relates to a lighting device for gas burners, the drawing showing four burners. Leading to said burners from a centrally located point are pipes which conduct gas from the pilot burner. The burners are lighted from the pilot burner. In Schaetzel there is no thermostatic cut-off arrangement for cutting the gas off when the pilot light is extinguished.

Graf, Sr., relates to a pilot and gas cut-off, and shows a cut-off between the burner and the supply. It will be noticed that applicant's cut-off valve operates from the pilot burner to the valve rather than from one of the main burners to the valve.

It was thought by the Examiner and the Board that there was no invention in combining the two features of the two patents in the manner in which applicant has combined them.

In affirming the Examiner, the Board said: "The examiner holds that no invention is involved to apply the Graf device to control the flow of gas to the main and pilot burners in Schaetzel. To make this application the pilot disk 34 can be located above the pilot burner opening 19 (Fig. 3) of Schaetzel and the valve 19 can be arranged to control the flow of gas through the main line 7 of Schaetzel. Since Graf intends to have his control applied to a gas stove presumably in the usual way it would appear to involve no invention to apply it to the gas stove of Schaetzel and in the manner indicated above. Applicant points out that the thermostatic element is located at a distance remote from the main burners so as not to be affected by heat from them. We do not see anything of patentable merit in this arrangement of the thermostat as it would naturally be located away from the main burners. We believe that claims 28, 29, 30, 31 and 33 are not patentable over the above references for reasons pointed out above."

We agree with the decision of the Board of Appeals, and the same is affirmed.

Affirmed.